| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| ETHEL CHEATAM, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:08-CV-299 |
| § | |
| KENNY BLANDA, ALICE YOUNG, § | |
| and JUDY MASON, ET AL., § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, for pretrial proceedings pursuant to General Order 05-07. The court has received and considered the report of the United States magistrate judge, who recommends that the court (a) grant in full defendants' motion to dismiss all claims against defendants Kenny Blanda, Alice Young, Judy Mason, Robin Underhill, and David Ericksen; (b) grant in part defendants' motion to dismiss plaintiff's defamation claims against defendants Cresthaven Health Care Center Ltd. Co. and Cantex Senior Communities LLC; and (c) deny defendants' motion to dismiss plaintiff's Title VII claims against Cresthaven Health Care Center Ltd. Co. and Cantex Senior Communities LLC.

Plaintiff filed timely objections challenging the magistrate judge's determination that her defamation claims are time-barred. This requires a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C).

Having considered the magistrate judge's report and conducted a *de novo* review of plaintiff's objections, the court finds that plaintiff's objections are not meritorious. The magistrate judge correctly determined that plaintiff's defamation claims are governed by the Texas one-year statute of limitations; that such claims were brought more than one year after the alleged defamation occurred; that defendants have not waived their limitations defense; that plaintiff alleges no facts that would subject the statute of limitations to equitable tolling; and that a charge of discrimination lodged with the EEOC does not serve to toll the statute of limitations with regard to a state law cause of action for defamation. See Crittendon v. Am'n. Nat'l Ins. Co., 967 F.Supp. 933 (S.D.Tex. 1997) (citing Dupree v. Hutchins Bros., 521 F.2d 236, 238 (5th Cir. 1975); see also Ogbodiegwu v. Wackenhut Corrections Corp., 202 F.3d 265, (5th Cir. 1999) (unpublished table opinion). Therefore, the court concludes that the findings of fact and conclusions of law of the magistrate judge are correct.

Plaintiff's objections are **OVERRULED**, and the report of the magistrate judge is **ADOPTED**. Accordingly, it is further **ORDERED**:

1. Defendants' motion to dismiss [Docket No. 17] is **GRANTED** fully with respect to defendants Kenny Blanda, Alice Young, Judy Mason, Robin Underhill, and David Ericksen.

2. Defendants' motion to dismiss [Docket No. 28] is **GRANTED** partially with respect to plaintiff's defamation claims against defendants Cresthaven Health Care Center Ltd. Co. and Cantex Senior Communities LLC.

3. Defendants' motion to dismiss [Docket No. 28] is **DENIED** with respect to plaintiff's Title VII claims against defendants Cresthaven Health Care Center Ltd. Co. and Cantex Senior Communities LLC.

SIGNED at Beaumont, Texas, this 23rd day of March, 2010.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE