| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| ETHEL CHEATAM, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:08-CV-299 |
| § | |
| KENNY BLANDA, ALICE YOUNG, § | |
| and JUDY MASON, ET AL. § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Ethel Cheatam seeks to impose liability on her former employer under Title VII of the Civil Rights Act of 1964. Plaintiff, a black African American woman, alleges that her employer subjected her to a hostile work environment and eventually terminated her on account of her race or color.[1]

The court referred this matter to the Honorable Earl S. Hines, United States magistrate judge, for pretrial proceedings pursuant to General Order 05-07. After considering plaintiff's factual allegations in her original complaint, an amended complaint, several responses to defense motions, and testimony at a *Spears* hearing,[2] the magistrate judge concluded that, even with liberal construction, plaintiff fails to allege a claim upon which relief can be granted. The magistrate judge subsequently recommended that the court *sua sponte* dismiss plaintiff's complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure or 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff's original complaint named individual supervisors and co-workers as defendants. Those defendants previously were dismissed by a partial final judgment entered on March 25, 2010. Docket No. 39.

[2] *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985)

Plaintiff filed a timely objection to the magistrate judge's recommended disposition. Such objection requires that a district judge of the court make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). After conducting a *de novo* review, the court overrules plaintiff's objections, and adopts the magistrate judge's findings, conclusions, and recommendations.

I.   Plaintiff's Objection

Plaintiff does not challenge the magistrate judge's legal analysis. Nor does plaintiff challenge the magistrate judge's factual findings based on the record before him at the time he issued his report. Rather, plaintiff's objection is based wholly on several new factual allegations not previously raised before the magistrate judge. Plaintiff argues that these newly-alleged facts, combined with earlier factual allegations, suffice to state a cognizable claim.

II.   Evidence First Presented in Objections

When a party presents new evidence for the first time in objections to a United States magistrate judge's report and recommendation, two important judicial imperatives clash: the need to bring litigation to an end and the need to render just decisions on the basis of all the facts. *See Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998). It remains within the court's discretion whether to consider such newly presented evidence. *See Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003); *Freeman*, 142 F.3d at 852. In exercising such discretion, the district judge may consider: (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party; and (4)

2

the likelihood of unfair prejudice to the non-moving party if the evidence is accepted. *Performance Autoplex*, 322 F.3d at 862 (citing *Freeman*, 142 F.3d at 853).

Here, the magistrate judge provided plaintiff multiple opportunities to plead facts sufficient to establish her claims, including permitting an amended complaint, considering factual averments in several responses to motions, and affording an opportunity for plaintiff to provide under oath a more definite statement of her claims at a *Spears* hearing held on March 18, 2010. Plaintiff, however, failed to allege any of her new factual allegations until after being educated by the magistrate judge's report as to her deficiencies. *See Freeman*, 142 F.3d at 852 (litigants may not use the magistrate judge as a mere sounding-board for the sufficiency of evidence). Plaintiff provides no explanation as to why she failed to present any of this new factual evidence until now, despite several opportunities to do so. All of this newly-presented evidence took place prior to her termination and was, therefore, available to her at the time of the filing of her original complaint, subsequent pleadings and the *Spears* hearing. There is no reason to permit plaintiff to provide a partial summary of the facts to the United States magistrate judge and then, upon the impending prospect of dismissal of her claims, provide another set of facts, known to her all along.

Plaintiff's *pro se* status makes the court reluctant to ignore relevant facts notwithstanding their late and unexcused presentment. Thus, when deciding whether to entertain plaintiff's new allegations at this stage of the litigation, the court gives primary weight to the relative importance of the previously-omitted evidence. The proposed new evidence relates to: (a) alleged disparity between overtime worked by plaintiff and her supervisor; (b) a white supervisor's alleged use of the word "nigger" when complaining about her (not plaintiff's) working conditions; (c) a

3

supervisor's rude treatment of both staff and clientele during a hurricane; (d) the facility administrator's requirement that plaintiff report directly to him with respect to plaintiff's immediate supervisor's actions; and (e) the facility administrator's actions in firing all black kitchen workers who articulated complaints at a meeting.

None of this evidence is relevant, much less important, to plaintiff's claim of workplace harassment or race-based termination premised on trumped-up charges of bringing a weapon to work. Disparity between overtime worked is irrelevant because supervisory and line employees are not similarly situated. *See Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253 (5th Cir. 2009) (employees who have different work responsibilities are not similarly situated). Use of the word "nigger," while highly objectionable, is insufficient to establish a Title VII hostile work environment claim, especially when the comment was not directed toward plaintiff. *See Farrager v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) ("[I]solated incidents," of highly inappropriate, racially insensitive language are not actionable under Title VII); *see also Stembridge v. City of New York*, 88 F. Supp. 2d 276, 286 (S.D.N.Y. 2000) (alleged single reference to plaintiff as "uppity nigger" combined with five other alleged racial comments and one racial epithet over a three-year period insufficient to establish claim). Further, rude behavior, standing alone, is not actionable under Title VII. *See E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315-16 (4th Cir. 2008) ("[C]omplaints premised on nothing more than 'rude treatment by coworkers,' 'callous behavior by one's superiors,' or 'routine difference of opinion and personality conflict with one's supervisor,' are not actionable under Title VII"). Plaintiff's own testimony establishes that both she and an unidentified white employee were required to report on a supervisor's actions to the facility administrator. Finally, plaintiff was not fired for

voicing complaints at a meeting, but rather as a result of an alleged conspiracy to accuse her falsely of bringing a weapon on the premises.

Under all these circumstances, the court elects not to consider the new evidence proffered by plaintiff in her objection to the magistrate judge's report because such evidence would not affect the disposition of this action.

III.     Unexhausted Administrative Remedy

Even if the court were disposed to entertain the new evidence, it would be precluded here from doing so. Plaintiff's new allegations exceed the scope of her administrative complaint filed with the Equal Employment Opportunity Commission ("EEOC"). The filing of an administrative complaint and exhaustion of available administrative remedies are prerequisites to a Title VII suit. *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995). Accordingly, in a private judicial enforcement action, the court may consider only the specific allegations made in plaintiff's 2006 EEOC complaint, together with "any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993). Plaintiff's new allegations involve actions completely unrelated to whether her termination on a false gun charge or alleged harassing behavior preceding it were on account of her race. Thus, since plaintiff's new factual allegations are beyond the scope of her EEOC complaint and the EEOC investigation that would reasonably be expected to grow out of the initial charges, the court may not now consider them.

IV. Order

Plaintiff's objection is **OVERRULED**, and the report of the magistrate judge is **ADOPTED**.

By separate order, the court will **DISMISS** plaintiff's Title VII claims against Cantex Senior Communities LLC and Cresthaven Health Care Center Ltd. Co. for failure to state a claim upon which relief can be granted, and enter a final judgment.

SIGNED at Beaumont, Texas, this 27th day of May, 2010.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE